THE STATE, EX REL. JOHNSON, APPELLANT, *v.*
SHOEMAKER, CHIEF, ET AL., APPELLEES.

[Cite as State, ex rel. Johnson, *v.* Shoemaker (1983), 6 Ohio St. 3d 215.]

(No. 82-1293—Decided August 10, 1983.)

*Mr. Paul Mancino, Jr.,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. John C. Stamatakos,* for appellees.

*Per Curiam.* The single issue presented here is whether the appellant's convictions of murder were convictions of capital offenses in view of the unconstitutionality of the imposition of the death penalty by reason of *Furman* v. *Georgia* (1972), 408 U.S. 238, and *Vargas* v. *Metzger* (1973), 35 Ohio St. 2d 116 [64 O.O.2d 70].

First, it is noted that the last paragraph of former R.C. 2901.01 expressly states that "[m]urder in the first degree is a capital crime under Sections 9

and 10 of Article 1, Ohio Constitution." Former R.C. 2967.13(C), as effective January 1, 1974, used the phrase "noncapital offense" in the face of the prior judicial declarations of the unconstitutionality of the death penalty, as it was then provided for by statute, which was a legislative recognition that capital offenses may continue independent of the death penalty.

This court finds that *State* v. *Henry* (1983), 4 Ohio St. 3d 44, is controlling here. While the issue in *Henry* involved the construction of R.C. 2901.02(B) and its specific designation of aggravated murder as a capital offense, as well as any offense for which the death penalty may be imposed, such construction is also valid in the instant case and the offenses of which appellant was convicted under former R.C. 2901.01 were capital offenses independent of whether the death penalty may be imposed.

Accordingly, appellant has failed to demonstrate a clear legal right to the relief prayed for, and the judgment of the court of appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs separately.

HOLMES, J., concurring. Although I dissented in the case of *State* v. *Henry,* I concur here upon the basis of *stare decisis.*