THE STATE, EX REL. CORRIGAN, PROS. ATTY., APPELLEE, *v.* MCMONAGLE, JUDGE, APPELLANT.

[Cite as State, ex rel. Corrigan, *v.* McMonagle (1984), 12 Ohio St. 3d 15.]

(No. 83-1066—Decided July 3, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Thomas C. Buford* and *Mr. Martin T. Franey,* for appellee.

*Csank & Csank Co., L.P.A.,* and *Mr. Regis E. McGann,* for appellant.

*Per Curiam.* At issue is whether the venire for jury requirements of R.C. 2945.18 and 2945.19 are applicable to a "capital offense" where the charged offense of aggravated murder is not punishable by death, there being no specifications of aggravating circumstances pursuant to R.C. 2929.04.

Central to our ascertainment of legislative intent is R.C. 2901.02(B) effective January 1, 1974, which states that, "[a]ggravated murder, and any offense for which death may be imposed as a penalty, is a capital offense." Paragraph one of the syllabus of *State v. Henry* (1983), 4 Ohio St. 3d 44, stated that "[p]ursuant to R.C. 2901.02(B), aggravated murder is a capital offense regardless of whether death may be imposed as a result of the conviction thereof." The validity of the construction of R.C. 2901.02(B) in *Henry,* at 46, which recognized "* * * that aggravated murder was a crime independent of whether the death penalty could be imposed" has since been approved in *State, ex rel. Johnson,* v. *Shoemaker* (1983), 6 Ohio St. 3d 215.

*Henry* recognized that there are statutory safeguards and detriments applicable to those "* * * charged with committing a crime that is classified as a capital offense," and listed, among those statutes, R.C. 2945.18, venire for jury in capital cases and R.C. 2945.19, special venire in capital cases. *Id.* at 46, fn. 3. We now hold that the venire and special venire for jury in capital cases, as prescribed by R.C. 2945.18 and 2945.19, respectively, are applicable to one charged with aggravated murder under R.C. 2903.01, irrespective of whether such offense is not punishable by death due to lack of specifications of aggravating circumstances pursuant to R.C. 2929.04.[1]

For reason of the foregoing, the judgment of the court of appeals granting the writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

---

[1] Subsequent to our decision in *Henry* and during the pendency of this appeal, R.C. 2901.02(B) was amended effective April 4, 1984 so that only an offense for which death may be imposed as a penalty is a capital offense. As a result, special protections are afforded to those facing the possibility of the death penalty, but now the criminal justice system is relieved of the burden and expense of such venire where those charged do not face the possibility of the death penalty.

LOCHER, J., dissenting. The basis for today's majority position is the first paragraph of the syllabus in *State* v. *Henry* (1983), 4 Ohio St. 3d 44, which states: "Pursuant to R.C. 2901.02(B), aggravated murder is a capital offense regardless of whether death may be imposed as a result of the conviction thereof." For the reasons set forth below I respectfully dissent from that determination in the case *sub judice*.

It is axiomatic that a syllabus of an Ohio Supreme Court opinion will not be viewed in a vacuum, apart from the factual exigencies and issues of the case from which it has been created. *Perkins* v. *Benguet Consol. Min. Co.* (1952), 342 U.S. 437; *New York Cent. RR. Co.* v. *Delich* (C.A. 6, 1958), 252 F. 2d 522 [15 O.O.2d 346]; *B. & O. RR. Co.* v. *Henery* (C.A. 6, 1956), 235 F. 2d 770 [11 O.O.2d 352]; *Wiss* v. *Bd. of Elections* (1980), 61 Ohio St. 2d 298 [15 O.O.3d 357]; *Lindley* v. *Ferguson* (1977), 52 Ohio St. 2d 60 [6 O.O.3d 196]. In *State* v. *Henry, supra,* the defendants-appellees were convicted of aggravated murder *with* specifications. For such a crime, pursuant to R.C. 2901.02(B), death was a recognized penalty when the statute was originally written. Later, when Ohio's death penalty provision was struck down in *Lockett* v. *Ohio* (1978), 438 U.S. 586 [9 O.O.3d 26], the underlying statutory framework was retained. If we desire to follow the legislative intent of the statute, we must examine the basis for the special procedures mandated by R.C. 2945.18. Although the death penalty was struck down, we cannot ignore its impact on the special procedures designed with the death penalty in mind.

Capital offenses are delineated under R.C. 2901.02(B) and are operationally attached, through R.C. 2945.18, to imposition of the death penalty. Thus, it is evident that those special procedures delineated in R.C. 2945.18 are to safeguard individuals who, under the originally envisioned statute, may be given the death penalty.

In the case *sub judice* the defendants are charged with aggravated murder *without* specifications. There is no possibility of imposing the death penalty even had *Lockett, supra,* never occurred. A distinction should therefore be made between aggravated murder *with* and aggravated murder *without* specifications, rather than applying the *Henry* syllabus in an all inclusive manner. By holding that aggravated murder without specifications is somehow a capital offense, in contravention of the clear legislative intent behind the statute as a whole, we are imposing a tremendous burden on an already overburdened legal system in this state. The costs, in time and money, are simply not necessary to cover a contingency that was not provided for by the legislature. Accordingly, I would deny the writ and limit the *Henry* syllabus to only those offenses where death was an envisioned punishment under the prior statute.

HOLMES, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissenting. In addition to my agreement with the dissent of Justice Locher, I wish to add that one of the significant underlying reasons

for my dissent in *State* v. *Henry* (1983), 4 Ohio St. 3d 44, 48, is the precise issue herein, the alleged necessity of a jury venire and special venire pursuant to R.C. 2945.18 and 2945.19, respectively.

As I stated in *Henry*, it is my opinion that the General Assembly's intent by enacting R.C. 2901.02(B) was to define capital offenses as those crimes for which the death penalty could be imposed. Here, the majority, after following the rationale of *Henry*, parenthetically entreat the members of the General Assembly to do what they already have done, *i.e.*, to require such venire for juries in cases only where the offense is punishable by death.

Accordingly, I dissent in that the judgment of the court of appeals should be reversed.