This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, John Watkins, appeals from his convictions in the Summit County Court of Common Pleas for breaking and entering and receiving stolen property. We affirm his convictions, but reverse his sentence and remand for resentencing.
 {¶ 2} The Summit County Grand Jury indicted Defendant on nine separate counts: (1) five counts of breaking and entering, in violation of R.C. 2911.13(A); (2) three counts of receiving stolen property, in violation of R.C. 2913.51(A); and (3) one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1). A jury trial followed. After the State rested, Defendant moved for acquittal, pursuant to Crim. R. 29. The trial court denied Defendant's motion. Defendant subsequently renewed his motion for acquittal, and the trial court again denied his motion. The jury found Defendant guilty of two counts of breaking and entering and one count of receiving stolen property, and not guilty of one count of breaking and entering, one count of receiving stolen property, and engaging in a pattern of corrupt activity. The State dismissed the remaining three charges. The trial court sentenced Defendant accordingly. Defendant timely appeals and raises three assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 3} "The convictions of the trial court should be reversed because they are against the manifest weight of the evidence and because the evidence supporting them was insufficient as a matter of law to prove the conviction[s] beyond a reasonable doubt."
 {¶ 4} In his first assignment of error, Defendant challenges the adequacy of the evidence produced at trial. Specifically, Defendant avers that his convictions for breaking and entering and receiving stolen property were based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignment of error lack merit.
 {¶ 5} As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 6} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal *** if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant.Id.
 {¶ 8} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
 {¶ 9} Defendant was found guilty of breaking and entering, in violation of R.C. 2911.13(A), which provides "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in [R.C. 2913.01], or any felony." He was also found guilty of receiving stolen property, in violation of R.C. 2913.51(A). R.C. 2913.51(A) states: "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 10} At trial, Beverly Selby ("Selby") testified that she was the division manager at the Holland Oil Gas Station ("Holland Oil") located at 1262 Robinson Avenue. She further testified that on December 31, 2001, she arrived at the Holland Oil and found "the front doors *** crashed and a lot of structural damage to the building." Selby stated that nothing had been stolen from this location; however, she noted that the ATM machine had been pulled out from the wall and toward the front doors of the building.
 {¶ 11} Daryl Paris ("Paris") asserted that he was the district manager at the Holland Oil located at 201 Eastland Avenue. Paris testified that a break-in occurred at the Holland Oil on December 31, 2001. Specifically, he stated that the front doors had been "crashed in," and a car had been towed from the front of the building. Paris also stated that cigarettes had been stolen, and the approximate value of these cigarettes totaled $3,000. Finally, he testified that the ATM machine had been moved from its original location, turned sideways, and positioned in the middle of the floor.
 {¶ 12} Diane Schumacher testified that she owned a 1998 Nissan Maxima. She further testified that her automobile was stolen on December 31, 2001 from the parking lot of a Super 8 Motel located in Montrose.
 {¶ 13} Demetrius Yeager ("Demetrius") testified that on December 31, 2001, he drove a Nissan to the Holland Oil located on Eastland Avenue. He explained that he did not know who had stolen the Nissan. Demetrius stated that Matthew Murphy ("Murphy") and DuJuan Burns ("Burns") accompanied him in the Nissan, and Defendant followed in a van he stole. At the Holland Oil, Demetrius explained that Defendant "crashed" the Nissan into the front doors of the building with the back end of the vehicle. After gaining entry to the building, Demetrius testified that he entered the premises with Murphy, Burns, and Defendant, and they took cigarettes. He further testified that Defendant attempted to take the ATM machine. Demetrius stated that they took the cigarettes to his grandmother's house and then proceeded to another Holland Oil. The individuals that accompanied Demetrius to the second Holland Oil on December 31, 2001 included: Defendant, Defendant's friend, Murphy, Burns, and Labron Yeager ("Labron"). Demetrius explained that the second Holland Oil had been selected because it had an ATM machine, and Defendant had been particularly interested in that fact. He further explained that they entered the building after Murphy "crashed" into the front doors. While inside, Demetrius stated that Defendant and his friend tried to lift and push the ATM machine, however, they did not have much success.
 {¶ 15} Murphy and Burns both testified that Defendant was present at both Holland Oil locations on December 31, 2001. Murphy also asserted that he told Detective Felber that Defendant had participated in the robberies at the Holland Oil locations. Burns stated that Defendant drove the Nissan through the front doors of the gas station.
 {¶ 16} Detective Vince Felber testified that he had Defendant in the detective bureau car following his arrest and Defendant made a statement. Detective Felber further testified concerning Defendant's statement; specifically, he relayed that Defendant said "I don't have any idea why you arrest[ed] me[.]" Finally, Detective Felber stated that Defendant denied any involvement in the breaking and enterings.
 {¶ 17} In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence
(Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of breaking and entering and receiving stolen property. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 18} "The trial court erred in sentencing [Defendant] to the maximum term of imprisonment."
 {¶ 19} In his second assignment of error, Defendant contends that the trial court erroneously sentenced him to the maximum term without setting forth the requisite findings, pursuant to R.C. 2929.14(C) and R.C. 2929.19(B)(2)(e), to support such sentence. We agree.
 {¶ 20} An appellate court may modify a sentence or remand the matter for resentencing if it finds that the trial court clearly and convincingly acted contrary to the law. R.C. 2953.08(G)(2). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477. Furthermore, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. State v. Martin (1999), 136 Ohio App.3d 355, 361.
 {¶ 21} The general purpose of the sentence imposed is "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Therefore, when sentencing the defendant, the trial court must consider factors relating to the "seriousness of the conduct" and the "likelihood of recidivism," which are contained in R.C. 2929.12. R.C. 2929.12. See, also, State v. Gibson (Oct. 22, 2001), 3rd Dist. No. 2-01-15. When addressing these factors, the trial court need not use specific language or make specific findings on the record in order to evince the required consideration of the applicable factors.State v. Arnett (2000), 88 Ohio St.3d 208, 215; State v. Neptune (Nov. 14, 2001), 9th Dist. No. 3171-M, at 4. Rather, the trial court need only state that it considered the applicable factors of R.C. 2929.12 in arriving at its decision. See Neptune, supra, at 4. See, also, State v.Marks (June 13, 2001), 7th Dist. No. 823.
 {¶ 22} In regard to the imposition of maximum sentences, the trial court may impose maximum prison terms upon offenders falling into one of the following four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C. 2929.14(C).
 {¶ 23} In order for a sentence to withstand appellate scrutiny, the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(e). See, also, State v. Edmonson (1999),86 Ohio St.3d 324, 329. Furthermore, this court has held that the findings of the trial court need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 4. See, also, Edmonson,86 Ohio St.3d at 327. As such, this court may review both the sentencing hearing transcript and the journal entry to determine whether the trial court has stated the requisite findings under the statute. State v. Nixon (Apr. 25, 2001), 9th Dist. Nos. 00CA007638 and 00CA007624, at 30.
 {¶ 24} After a careful review of the sentencing hearing and the judgment entry, we find that the trial court has failed to set forth the requisite findings for its imposition of the maximum sentence. To impose the maximum sentence, the trial court was required to find on the record either that Defendant committed the worst form of the offense, posed the greatest likelihood of committing future crimes, or fell within one of the two special categories of certain major drug offenders or repeat violent offenders. As the trial court has not done so, we sustain Defendant's assignment of error to the extent that a maximum sentence without these findings is improper.
 ASSIGNMENT OF ERROR III {¶ 25} "[Defendant] did not receive a fair trial when the State introduced the statement of a non-testifying co-defendant through a police [officer] that [Defendant] was involved in the crimes."
 {¶ 26} In his third assignment of error, Defendant asserts that he did not receive a fair trial as a result of the State's introduction of a non-testifying co-defendant's statement through the testimony of Lieutenant Kenneth Ball. Moreover, Defendant asserts that the introduction of the statement violated his constitutional rights to confront and cross-examine witnesses against him. Defendant's assertions lack merit.
 {¶ 27} An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Failure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal. State v. Self (1990),56 Ohio St.3d 73, 81; State v. Heilman (Sept. 21, 1994), 9th Dist. No. 2312-M, at 3; State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Upon a thorough review of the record, we find that Defendant did not enter an objection when the State elicited a non-testifying co-defendant's statement through Lieutenant Ball. Although we recognize that the statement was timely objected to by a co-defendant, this objection is insufficient to preserve the error for appeal for Defendant. See Statev. Thompson (Aug. 8, 1984), 1st Dist. No. C-830843, citing State v.Henry (1983), 4 Ohio St.3d 44, 45, fn. 1 (stating that in a joint trial, only the defendant who makes a proper objection preserves the error for appeal); State v. Lawrence (Jan. 16, 1985), 1st Dist Nos. C-840277 and C-840292 (writing that a co-defendant's objection will not preserve the assigned error for the defendant unless the defendant specifically joins in the objection); State v. Rosado (Nov. 7, 1996), 8th Dist. No. 70428. Therefore, Defendant has waived his challenge on appeal. Defendant's third assignment of error is overruled.
 {¶ 28} Defendant's first and third assignments of error are overruled and his second assignment of error is sustained. The convictions in the Summit County Court of Common Pleas are affirmed, but sentence is reversed and cause remanded for resentencing.
CARR, J. and WHITMORE, J. CONCUR.