THE STATE OF OHIO, APPELLANT, *v.* HARWELL, APPELLEE.

[Cite as *State v. Harwell,* 102 Ohio St.3d 128, 2004-Ohio-2149.]

(No. 2002–1716—Submitted October 21, 2003—Decided May 12, 2004.)

PFEIFER, J.

{¶ 1} In this case, we are asked to determine whether a juvenile charged with aggravated murder and a capital specification is charged with a capital offense, even though the offender is ineligible for the death penalty. For the reasons that follow, we conclude that Harwell was charged with a capital offense.

{¶ 2} On February 3, 2000, appellee Robert Harwell broke into the home of JoAnn Harris, then raped and murdered her. At the time of the offense, Harwell was under 18 years old. Following a probable cause hearing, Harwell was bound over and charged with aggravated murder, rape, aggravated burglary, and several firearm specifications. Even though juveniles are not eligible for the death penalty, R.C. 2929.02(A), the state charged Harwell with aggravated murder with two felony-murder death specifications in order to preserve the sentencing option of life in prison without parole pursuant to R.C. 2929.03(C)(2)(a)(i).

{¶ 3} The parties stipulated that Harwell was under 18 years old at the time of the murder and therefore that he was not eligible to be sentenced to death. Harwell pleaded no contest to all charges. The panel of trial judges heard evidence from the state and found Harwell guilty of each offense charged and the capital specifications. The three-judge panel sentenced Harwell to life in prison without the possibility of parole for the aggravated murder conviction with death specifications, ten years in prison for the aggravated burglary conviction, ten years in prison for the rape conviction, and three years in prison for a firearm specification.

{¶ 4} On appeal, the court of appeals reversed and remanded for resentencing. The court determined that Harwell had been charged with and tried for a capital offense even though he was not eligible to be sentenced to death. Therefore, according to the court of appeals, capital sentencing guidelines should have been applied to Harwell's case. The court of appeals consequently determined that the trial panel erred when it (1) allowed victim impact statements that recommended that a specific sentence be imposed contrary to this court's holding in State v. Huertas (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus, and (2) improperly considered the circumstances of the offense as an aggravating circumstance to be weighed against the mitigating factors contrary to the requirements of R.C. 2929.04(B).

{¶ 5} The cause is now before this court pursuant to the acceptance of a discretionary appeal.

{¶ 6} The issue before us is straightforward: Was Harwell charged with a capital offense? The state argues that because Harwell is ineligible for the death penalty, he could not be charged with a capital offense and was not entitled to the

additional rights afforded to capital defendants. The argument is grounded in part on expansive language used by this court. In *State ex rel. Corrigan v. McMonagle* (1984), 12 Ohio St.3d 15, 16, 12 OBR 13, 465 N.E.2d 382, fn. 1, this court stated in dicta that "R.C. 2901.02(B) was amended effective April 4, 1984 so that only an offense for which death may be imposed as a penalty is a capital offense." Although this statement may aptly characterize what the General Assembly intended, it does not characterize what the General Assembly enacted. As in all other matters involving R.C. Title 29, our analysis of R.C. 2901.02(B) will be guided by the General Assembly's overriding concern that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).

{¶ 7} R.C. 2901.02(B) is written in clear, plain language:

{¶ 8} "Aggravated murder when the indictment or the count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of [the] Revised Code, and any other offense for which death may be imposed as a penalty, is a capital offense."

{¶ 9} The first clause of R.C. 2901.02(B) states that aggravated murder is a capital offense when an indictment charges aggravated murder and one or more specifications of aggravating circumstances listed in R.C. 2929.04(A). Nothing in the first clause addresses the implications of an offense being classified as capital. Nothing in the first clause refers to a defendant or a defendant's status.

{¶ 10} The second clause of R.C. 2901.02(B) states that "any other offense for which death may be imposed as a penalty" is a capital offense. We consider this clause to be independent of the first. It does not modify, limit, or explain the first clause. This clause may even be superfluous because there are no offenses other than aggravated murder for which a defendant can be sentenced to death in Ohio. In any event, there is no compelling reason to believe that the phrase "any other offense for which death may be imposed as a penalty" should be taken to impose upon the first clause the requirement that aggravated murder is only a capital offense when death may be imposed. To do so would turn the legislative imperative of construing R.C. Title 29 strictly against the state and liberally in favor of the accused on its head. We hold that an indictment charging aggravated murder and one or more specifications of aggravating circumstances listed in R.C. 2929.04(A) charges a capital offense, irrespective of whether the offender is eligible for the death penalty.

{¶ 11} In *State v. Henry* (1983), 4 Ohio St.3d 44, 4 OBR 136, 446 N.E.2d 436, paragraph one of the syllabus, this court stated, "Pursuant to R.C. 2901.02(B), aggravated murder is a capital offense regardless of whether death may be imposed as a result of the conviction thereof." We recognize that the *Henry*

court was addressing a prior version of R.C. 2901.02(B). See 134 Ohio Laws, Part II, 1892 (eff. 1–1–74). Even though *Henry* does not compel our decision today, it provides support because the *Henry* court addressed an issue and statute that are substantially similar to those in this case and reached the same conclusion that we reach.

{¶ 12} In *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, syllabus, we held that "[a] defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." To determine which procedures applied to the defendant in *Parker*, we looked principally to the offense charged, which was punishable by death, and not to the status of the defendant or the fact that death had been eliminated as an option. Similarly here, Harwell was charged with aggravated murder and a death specification, which, according to R.C. 2901.02(B), means that he was charged with a capital offense. Even though he was not eligible for the death penalty because of his age, Harwell is entitled to the same protections as any defendant charged with a capital offense.

Judgment affirmed.

GWIN, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

MOYER, C.J., and O'DONNELL, J., dissent.

W. SCOTT GWIN, J., of the Fifth Appellate District, sitting for RESNICK, J.

---

**O'DONNELL, J., dissenting.**

## I

{¶ 13} Respectfully, I dissent. The majority has concluded that Harwell "is entitled to the same protections as any defendant charged with a capital offense" even though he "was not eligible for the death penalty because of his age." In my view, the dispositive issue in this case is not whether Harwell was charged with a capital offense, but rather, whether the capital sentencing phase of trial ever occurred. Because the matter below did not include a death penalty—or "capital"—sentencing phase, the capital due process protections were inapplicable.

## II

### A

{¶ 14} Ohio bifurcates capital trials into guilt and penalty phases. R.C. 2929.03(D), 2929.04(B) and (C). During the guilt phase, the trial court's instruction "shall not mention the penalty that may be the consequence of a guilty or not guilty verdict on any charge or specification." R.C. 2929.03(B).

{¶ 15} Further, the jury or the three-judge panel reaches the capital sentencing phase of trial only if it finds that (1) the defendant is guilty of aggravated murder, (2) the defendant was found to be 18 years or older at the time of the commission of the offense, if the defendant has raised the matter of age at trial, and (3) the defendant is guilty of at least one death-penalty specification. R.C. 2929.03(B).

{¶ 16} Only after those findings have been made does the court conduct a capital sentencing hearing pursuant to R.C. 2929.03(D). It is here, at such a capital sentencing proceeding, that the holding in *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, applies—"Expressions of opinion by a witness as to the appropriateness of a particular sentence in a capital case violate the defendant's constitutional right to have the sentencing decision made by the jury and judge." Id. at syllabus.

{¶ 17} When, however, death may *not* be imposed as a penalty—as, for example, when a jury finds the defendant guilty of aggravated murder but not guilty of the specifications or when a jury finds a defendant guilty of both the aggravated murder and the specifications but does not find that the defendant was 18 at the time of the commission of the offense—the court does not follow the capital sentencing procedure set forth in R.C. 2929.03(D). Rather, when the death penalty may not be imposed, the court "shall" simply impose one of the statutorily enumerated sentences of imprisonment. R.C. 2929.03(A), (C), (E).

{¶ 18} Because the legislature has provided sentencing procedures for a defendant who is not subject to capital punishment, and as Harwell is not subject to capital punishment, we should follow the noncapital sentencing procedures. The capital procedures are unnecessary here, as there can be no capital sentencing in this case.

### B

{¶ 19} The majority notes that the state charged Harwell pursuant to R.C. 2929.03(C)(2)(a)(i), a crime which can result in the imposition of the death penalty. Under R.C. 2929.03(C)(2)(b), however, a "penalty imposed pursuant to division (C)(2)(a)(i) * * * of this section *shall be determined pursuant to divisions (D) and (E) of this section * * *.*" R.C. 2929.03(C)(2)(b). And, pursuant to R.C. 2929.03(D)(1), "[d]eath may not be imposed as a penalty for aggravated murder"

when committed by a juvenile. Only "[w]hen death may be imposed as a penalty" shall the court proceed under R.C. 2929.03(D).

{¶ 20} Because Harwell was a juvenile, the trial court imposed sentence pursuant to R.C. 2929.03(E), which precludes imposition of the death penalty. Therefore, Harwell's noncapital sentencing phase did not require the procedural protections that " 'narrow the decisionmaker's judgment as to whether the circumstances of a particular defendant's case meet the threshold' " " 'below which the death penalty cannot be imposed.' " *Payne v. Tennessee* (1991), 501 U.S. 808, 824, 111 S.Ct. 2597, 115 L.Ed.2d 720, quoting *McCleskey v. Kemp* (1987), 481 U.S. 279, 305, 107 S.Ct. 1756, 95 L.Ed.2d 262.

C

{¶ 21} My thinking is in accord with the rationale followed by the Illinois Supreme Court in *People v. Turner* (1989), 128 Ill.2d 540, 577–579, 132 Ill.Dec. 390, 539 N.E.2d 1196, where a jury returned a guilty verdict against the defendant for murder, aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, kidnapping, unlawful restraint, and robbery, thereby making him amendable to the death penalty. During the capital sentencing phase of that trial, the jury made the requisite findings and the trial court sentenced the defendant to death. The trial court also sentenced the defendant to 30 years' imprisonment for aggravated criminal sexual assault, 15 years for criminal sexual assault, 15 years for aggravated kidnapping, 7 years for kidnapping, 3 years for unlawful restraint, and 7 years for robbery.

{¶ 22} On appeal, the defendant argued that the trial court erred by allowing victim-impact statements at the *noncapital* sentencing hearing. The Illinois Supreme Court overruled this argument, noting that *Booth v. Maryland* (1987), 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440—the case on which we relied in *Huertas*, 51 Ohio St.3d 22, 553 N.E.2d 1058—held, "introduction of victim impact evidence was constitutionally impermissible *where imposition of the death penalty was at issue.*" (Emphasis added.) *Turner*, 128 Ill.2d at 578, 132 Ill.Dec. 390, 539 N.E.2d 1196. Because the imposition of the death penalty was not at issue during Turner's noncapital sentencing hearing, the court held, the capital procedural protections did not apply.[1]

---

1. In *Payne v. Tennessee* (1991), 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720, the court held that victim-impact statements are permitted in capital sentencing phases. *Payne*, however, did not address whether victims' family members may recommend the appropriate sentence at the capital sentencing hearing. Accordingly, *Booth*'s ban on such recommendations at capital sentencing hearings remains. See *Payne*, 501 U.S. at 835, 111 S.Ct. 2597, 115 L.Ed.2d 720, fn. 1 (Souter, J., concurring). See, also, *State v. Treesh* (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.

{¶ 23} The same rationale, it seems to me, should apply here. While the state may have charged Harwell with a capital offense pursuant to R.C. 2901.02(B) and 2929.03(A), he was not entitled to death-penalty due process protections because imposition of the death penalty was never an issue in this case. See R.C. 2929.03(D)(1).

## D

{¶ 24} Finally, reduced to its terms of practical application, today's decision affords procedural due process protections to a juvenile charged with a capital offense where imposition of the death penalty was never an issue in the case. By extension, all defendants—adults or juveniles—who are *charged* with capital offenses would be or could be entitled to procedural due process death penalty protections at a sentencing hearing even where the capital indictment is resolved at the guilt phase by conviction of an offense not involving imposition of the death penalty.

## III

{¶ 25} Simply put, because "death may *not* be imposed" in this case, Harwell never faced a capital sentencing phase, and therefore, was not entitled to death-penalty due process protections. Accordingly, I would reverse the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————

Julia R. Bates, Lucas County Prosecuting Attorney, and Eric A. Baum, Assistant Prosecuting Attorney, for appellant.

Gamso, Helmick & Hoolahan and Jeffrey M. Gamso, for appellee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Christopher D. Stock, Deputy Solicitor, urging reversal for amicus curiae Ohio Attorney General.

McGarry Law Office and Kathleen McGarry, urging affirmance for amicus curiae Ohio Association of Criminal Defense Lawyers.