JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Timothy Simms, pro se, appeals the trial court's denial of his petition for postconviction relief. Defendant was convicted of aggravated murder with a firearm specification in 1995, but on appeal in 1996, this court modified the conviction to murder in 1996. Simms later filed a motion for new trial which the trial court denied and this court affirmed the trial court. He also filed an application for reopening, which this court denied. Nearly eight years after his first appeal, defendant now has filed a petition for postconviction relief claiming ineffective assistance of counsel. The trial court denied this petition without a hearing.
 {¶ 2} Because defendant's second argument is central to both assignments of error,[1] we will discuss the second first. Defendant's second argument states:
 {¶ 3} II. The trial court erred when it denied appellant simms a [sic] evidentiary hearing based upon the state's opposition that appellant simms was not charged with a capital case. State v. Henry (1983), 4 Ohio St.3d 44.
 {¶ 4} In the case at bar, the trial court's ruling on defendant's petition stated: "Defendant's petition, filed August 8, 2003, to vacate and/or set aside sentence and conviction is denied. Although defendant was indigent, he was not charged with a capital offense. This court finds he was not charged with a capital offense. This court finds John H. Carson was competent and qualified to represent the defendant." Journal entry 9-19-03.
 {¶ 5} Defendant argues that although he was not indicted of a crime with a potential for the death penalty, because he was indicted for aggravated murder, he still was entitled to qualified counsel under Sup.R. 20.[2] He relies on Statev. Henry (1983), 4 Ohio St.3d 44, in which the Ohio Supreme Court held: "Pursuant to R.C. 2901.02(B), aggravated murder is a capital offense regardless of whether death may be imposed as a result of the conviction thereof." Id., paragraph one of the syllabus.
 {¶ 6} After Henry was decided, however, the statute was amended. "On April 3, 1984, R.C. 2901.02(B) was amended to provide that a capital offense is only an offense for which the death penalty may be imposed." State v. Williams (May 15, 1997), Franklin App. No. 96APA08-1077, 1997 Ohio App. LEXIS 2091 at *16. Henry is not controlling in this case because it applies old law no longer in effect at the time of defendant's offense. The law which applies in the case at bar, R.C.2901.02(B), reads as follows:
 {¶ 7} Aggravated murder when the indictment charging aggravated murder contains one or more specifications of aggravating cirumstances listed in division (A) of section R.C.2929.04 of the Revised Code, and any other offense for which death may be imposed as a penalty, is a capital case.
 {¶ 8} The Tenth District explained the language of this statute:
 {¶ 9} [B]y including the word "other" in the phrase "and anyother offense for which death may be imposed as a penalty," the legislature intended that an aggravated murder charge accompanied by one or more death penalty specifications would only be considered a capital case where death could be imposed as a penalty.
 {¶ 10} State v. Williams (May 15, 1997), Franklin App. No. 96AP98-1077, 1997 Ohio App. LEXIS 2091, at *16. Because this case was not a death penalty case, therefore, defense counsel's lack of certification for death penalty cases did not affect his qualification to represent defendant. Accordingly, this assignment of error is without merit.
 {¶ 11} Defendant's first assignment of error states as follows:
 {¶ 12} The trial court errored [sic], to the prejudice of the appellant, by denying the appellant's petition for post-conviction relief without conducting an evidentiary hearing Pursuant to R.C. § 2953.21(E) and § 2953.23 (A)(b)(2).
 {¶ 13} First we note defendant's petition is subject to the requirements of R.C. 2953.23 because it was filed outside the time limits imposed by R.C. 2953.21. R.C. 2953.21(A)(2)states in pertinent part:
 {¶ 14} Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 15} Defendant's petition was filed nearly eight years after his appeal; R.C. 2953.23 clearly applies, therefore, to his petition. This statute restricts the trial court's jurisdiction over postconviction relief petitions to certain circumstances. It states in pertinent part:
 {¶ 16} Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2)[3] of this section applies:
 {¶ 17} Both of the following apply:
 {¶ 18} Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 19} The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 20} The second mandatory prong of the statute requires a showing that without a constitutional error defendant would not have been convicted. We have already held that death penalty certification was not required in this case. Moreover, defendant has failed to show that counsel's lack of death penalty certification constituted ineffective assistance.
 {¶ 21} Nor has he shown that with different counsel the outcome of his trial would have resulted in acquittal. In fact, he does not point to any error on the part of counsel. He merely asserts that he "was prejudiced by the actual denial of the assistance of Counsel thereby resulted [sic] in prejudice." Appellant's brief at 8. This bald assertion without any alleged error to support it is insufficient to meet the requirements of R.C. 2953.23(A).
 {¶ 22} Because defendant's petition for postconviction relief did not meet the requirements of R.C. 2953.23, the trial court was without jurisdiction to consider the petition. The court was, therefore, without jurisdiction to hold a hearing.
 {¶ 23} Assuming arguendo that defendant's petition was valid, we still find that his assignment of error is without merit. Defendant claims he had a right to a hearing on his assignment of error for postconviction relief. Postconviction relief is controlled by R.C. 2953.21, which states: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21(E).
 {¶ 24} Determining effective assistance of counsel is a two-step analysis. First, the appellate court must find that counsel's representation of defendant fell below the accepted standard. Second, the court must find that counsel's deficiency prejudiced defendant and that the outcome of trial would have been different but for the substandard representation.Strickland v. Washington (1984), 466 U.S. 668; State v.Bradley (1989), 42 Ohio St.3d 391.
 {¶ 25} Defendant has failed to point to any deficiency in counsel's representation of him. He also has not demonstrated any prejudice to his case resulting from counsel's representation of him. As the court correctly noted, defendant was never charged with a capital offense. Sup.R. 20, therefore, is not applicable to his case. Because counsel's lack of Sup.R. 20 certification was defendant's only grounds for his postconviction relief petition, the trial court did not err in issuing its ruling without a hearing.
 {¶ 26} Accordingly, the first assignment of error is overruled.
Judgement affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Sweeney, J., Concur.
[1] Defendant calls his assignments of error "statements of issues presented." Because they are styled like assignments of error, we will treat them as such.
[2] Superintendence Rule 20 states in pertinent part:
(A) This rule shall apply in cases where an indigent defendant has been charged with or convicted of an offense for which the death penalty can be or has been imposed.
[3] Section 2 of the statute is not applicable to the case at bar. It states:
(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections2953.71 to 2953.81 of the Revised Code or under section 2953.82
of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.