Lanzinger, J.,
dissenting.
{¶ 72} I respectfully dissent. I would not reach the constitutional question because the statute does not apply to this case. R.C. 2929.06(B) provides:
Whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial * * *, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing.
(Emphasis added.)
{¶ 73} In this case, error occurred during voir dire, and the sentence of death was not reversed “because of error that occurred in the sentencing phase of the trial.” Based on the plain language of the statute as informed by the rule of lenity, R.C. 2929.06(B) does not apply, and there is no need to empanel a new jury for the potential imposition of a new death sentence. I would therefore reverse the judgment of the court of appeals and reinstate the trial court’s order of resentencing pursuant to the law in effect at the time of his offense.

The Sixth Circuit’s Opinion

{¶ 74} The Sixth Circuit Court of Appeals vacated White’s sentence of death based on error during the jury-selection phase of the trial because the trial court had not dismissed a juror who was biased. The court found that “juror Sheppard was unable to ‘lay aside [her] impression or opinion and render a verdict based on the evidence presented in court.’ ” (Brackets sic.) White v. Mitchell, 431 F.3d 517, 542 (6th Cir.2005), quoting Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
{¶ 75} No one has disputed that this error occurred during voir dire, a portion of the proceedings that is separate from the “trial phase” and “sentencing phase” of capital case proceedings. See, e.g., State v. Lang, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596 (separate analysis of voir dire, trial phase, and sentencing phase); State v. Gumm, 73 Ohio St.3d 413, 417, 653 N.E.2d 253 (1995) (describing separation of guilt phase from sentencing phase of capital trial); State v. Biros, 78 Ohio St.3d 426, 443, 678 N.E.2d 891 (1997) (R.C. 2929.03(B)’s *361 prohibition against informing jurors of potential penalties in capital ease applies to guilt phase, not to voir dire).
{¶ 76} The voir dire error in White’s case did not occur in the sentencing phase.

The Meaning of the Statute

{¶ 77} We have previously considered the import of the phrase “error that occurred in the sentencing phase of the trial,” which appears in R.C. 2929.06 as amended, and we held that the erroneous introduction of excluded evidence into the jury’s sentencing deliberations fell within that meaning. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 136. We therefore remanded the case for application of the amended statute based on an exact reading of its language. Now, however, the majority reads out the limiting phrase of “in the sentencing phase” and holds that R.C. 2929.06(B) permits empanelment of a new jury for resentencing, which may include a possible reimposition of the death sentence, “when the error infects and thus invalidates the sentencing phase of the trial” no matter at what point in the proceedings the error invalidating the sentence took place, i.e., at any phase of the trial. Paragraph one of the syllabus of the majority opinion thus flatly contradicts the statute as written.
{¶ 78} The majority acknowledges that State v. Penix, 32 Ohio St.3d 369, 513 N.E.2d 744 (1987), limited resentencing to penalties other than death “following vacation of the death sentence due to error occurring at the penalty phase of the proceeding.” (Emphasis added.) Id. at syllabus. The Penix rule was favorable to the accused in that death could not be imposed after a remand. As amended, R.C. 2929.06(B) removes the protection against a death sentence upon remand, requiring the empaneling of a new jury to consider all possible sentences, including, in White’s case, death, life imprisonment without parole, life imprisonment with parole eligibility after 20 full years of imprisonment, and life imprisonment with parole eligibility after 30 full years of imprisonment, as these were the penalties available on the date of White’s offense.
{¶ 79} The majority “infers” that the General Assembly intended this statute to apply to all capital offenders whose convictions are upheld but whose death sentences were set aside. Majority opinion at ¶ 22. But it is well accepted in determining legislative intent that a court must first look to the language of the statute itself. Provident Bank v. Wood, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). “If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.” State ex rel. Savarese v. Buckeye Local School Disk Bd. of Edn., 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). It is also well settled that to determine the intent of the General Assembly, “ ‘[i]t is the duty of this court to give effect to the words used [in a statute], not to delete words used or to insert words not used.’ ” (Emphasis *362 sic.) Bernardini v. Conneaut Area City School Dist. Bd. of Edn., 58 Ohio St.2d 1, 4, 387 N.E.2d 1222 (1979), quoting Columbus-Suburban Coach Lines v. Pub. Util. Comm., 20 Ohio St.2d 125, 127, 254 N.E.2d 8 (1969).
{¶ 80} Bearing these principles in mind, it is improper for this court to insert words into a clear statute. R.C. 2929.06(B) applies only when a death sentence is overturned “because of error that occurred in the sentencing phase of the trial.” The majority rewrites the statute, broadening its scope based upon an inference regarding the General Assembly’s intent. I would hold that “sentencing phase” means “sentencing phase.” This straightforward interpretation is not “an artificially narrow interpretation that would defeat the apparent legislative intent,” as the majority terms it. Majority opinion at ¶ 20. Instead, it is taking the legislature at its own word.

The Rule of Lenity

{¶ 81} With respect to criminal statutes, there is an additional concern. Even if there were an ambiguity, meaning two reasonable ways of reading the statute, R.C. 2901.04 provides that we must read the language of the relevant statute not in favor of the government, but in favor of the accused. This rule of lenity, as codified, states that “[ejxcept as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused.” R.C. 2901.04(A). In other words, penal statutes may not be extended by implication to cases not falling within their terms. We must be particularly mindful of the rule of lenity in death-penalty cases, for as is commonly acknowledged, death is different.
{¶ 82} We applied this rule in a case in which we were asked to consider whether a juvenile who was charged with aggravated murder and an aggravating-circumstances specification but was ineligible for the death penalty due to age was entitled to the additional rights afforded to capital defendants. State v. Harwell, 102 Ohio St.3d 128, 2004-Ohio-2149, 807 N.E.2d 330. The state relied upon dicta from this court that “R.C. 2901.02(B) was amended effective April 4, 1984 so that only an offense for which death may be imposed as a penalty is a capital offense.” State ex rel. Corrigan v. McMonagle, 12 Ohio St.3d 15, 16, 465 N.E.2d 382 (1984), fn. 1. We recognized that although the statement may have aptly characterized what the General Assembly intended, it did not characterize what the General Assembly enacted. Harwell at ¶ 6. As in all other matters involving R.C. Title 29, our analysis is to be guided by the General Assembly’s overriding concern that criminal statutes shall be strictly construed against the state and liberally construed in favor of the accused. Id. We held that R.C. 2901.04(B) plainly requires that an indictment charging an aggravating-circumstances specification pursuant to R.C. 2929.04(A) must be regarded as charging a *363 capital offense. Id. at ¶ 7-10. We rejected the state’s position that the additional protections afforded a capital defendant attach only when there is an actual possibility of a death sentence. To accept this proposition “would turn the legislative imperative of construing R.C. Title 29 strictly against the state and liberally in favor of the accused on its head.” Id. at ¶ 10.
{¶ 83} In my view, this is exactly what the majority has done in affirming the judgment of the court of appeals.
{¶ 84} In another case, we vacated one of two death penalties because of a voir dire error and returned the matter to the trial court for resentencing. State v. Jackson, 107 Ohio St.3d 53, 2005-Ohio-5981, 836 N.E.2d 1173, ¶ 178. Although we upheld the aggravated-murder conviction and specification in Jackson, because the trial court abused its discretion by refusing defense counsel’s requests to advise prospective jurors that one of the murdered victims was a three-year-old child and by refusing to allow voir dire on possible bias stemming from that fact, we remanded the cause for “resentencing consistent with R.C. 2929.06.” Id. at ¶ 62.
{¶ 85} Upon remand, the trial court concluded that amended R.C. 2929.06 did not authorize the empaneling of a new jury to consider reimposition of a death sentence because the error had not occurred at the sentencing phase of the trial:
Certainly, paragraph (B) does not clearly apply. Paragraph (B) applies when a sentence of death is set aside, nullified, or vacated “because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply.” If the error occurred during voir dire, which was before the sentencing phase, the error could not have occurred during the sentencing phase.
(Emphasis sic.) State v. Jackson, Allen C.P. No. CR-2002-0011, at 4 (Nov. 21, 2006).
{¶ 86} The trial court concluded that
under R.C. 2929.06(A), a resentencing hearing is necessary wherein the Court shall impose upon the offender one of the sentences of life imprisonment that are available under division (D) of section 2929.03 * * * at the time the offender committed the offense for which the sentence of death was imposed.
Id. at 6. I believe that the trial court in Jackson correctly read the statute as it was written.
*364 Ramona Francesconi Rogers, Ashland County Prosecuting Attorney, and Paul T. Lange, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Nathan A. Ray and Randall L. Porter, Assistant Public Defenders, for appellant.
Law Offices of Michael J. Benza and Michael J. Benza, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.
Carrie L. Davis and James L. Hardiman, urging reversal for amicus curiae American Civil Liberties Union of Ohio Foundation.
Ron O’Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, urging affirmance for amicus curiae Franklin County Prosecuting Attorney Ron O’Brien.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and Emily S. Schlesinger, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General.

Conclusion

{¶ 87} The date of White’s offense was January 19, 1996. We have held that R.C. 2929.06(B) could not be applied to a case involving an aggravated murder committed before October 16, 1996, because the General Assembly had not expressly made R.C. 2929.06(B) retroactive. State v. Williams, 103 Ohio St.3d 112, 2004-Ohio-4747, 814 N.E.2d 818, syllabus. The new amendment, effective March 23, 2005, applies only to certain offenders sentenced to death for an aggravated murder that was committed on or after October 19, 1981. R.C. 2929.06(E). The class of offenders to whom R.C. 2929.06 applies by its terms are those whose sentence of death was vacated because of error that occurred in the sentencing phase of the trial. Because I would hold that the amended statute does not apply to White, I dissent and would hold that he must be sentenced under the version of R.C. 2929.06(B) that was in effect on January 19, 1996, the date of his offense.
Pfeifer, J., concurs in the foregoing opinion.