[Cite as *State v. Griffin*, 2011-Ohio-1638.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| SANDRA GRIFFIN | : | Case No. 09-CA-21 |
| | : | |
| Defendant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           On Remand from the Supreme Court of
                                   Ohio, Case No. 2010-1434


JUDGMENT:                          Original Reversal & Remand Reimposed


DATE OF JUDGMENT ENTRY:            April 1, 2011


APPEARANCES:

For Plaintiff                          For Defendant

JASON W. GIVEN                         STEPHEN P. HARDWICK
318 Chestnut Street                    250 East Broad Street
Coshocton, OH  43812                   Suite 1400
                                       Columbus, OH  43215

{¶1}   On February 27, 1989, the Coshocton County Grand Jury indicted Sandra Griffin on several counts, including one count of aggravated murder with death and firearm specifications in violation of R.C. 2903.01(A), R.C. 2929.04(A)(7), and R.C. 2941.141.

{¶2}   On November 1, 1989, Ms. Griffin waived her right to a speedy trial and her right to be tried by a three-judge panel or a jury.  The state agreed not to pursue the death penalty, but did not dismiss the death specification.

{¶3}   A trial before a single judge commenced on December 7, 1989.  The trial court found Ms. Griffin guilty of all counts except two.  By judgment entry on sentencing filed January 29, 1990, the trial court sentenced Ms. Griffin to an aggregate term of life imprisonment with parole eligibility after thirty years, and ordered her to serve three years actual incarceration on the firearm specification, to be served consecutively.

{¶4}   This court affirmed the conviction.  See, *State v. Griffin* (1992), 73 Ohio App.3d 546, further appeal dismissed (1992), 64 Ohio St.3d 1428.

{¶5}   On August 4, 2009, Ms. Griffin filed a motion for a final appealable order pursuant to *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330.  On August 27, 2009, the trial court filed a new judgment entry on sentencing, once again sentencing Ms. Griffin to life imprisonment with parole eligibility after thirty years plus the three years for the firearm specification.

{¶6}   Ms. Griffin filed an appeal, challenging the fact that a single judge heard her capital trial and sentencing hearing.  This court, after lengthy analysis on several issues, including the application of *Baker,* R.C. 2929.03(F), prior direct appeal, non-final

orders, and finality of judgments, reversed and remanded the case for new trial. *State v. Griffin,* Coshocton App. No. 09CA21, 2010-Ohio-3517.

{¶7} The state of Ohio filed an appeal with the Supreme Court of Ohio. On December 9, 2010, the Supreme Court of Ohio entered the following decision:

{¶8} "The judgment of the court of appeals is vacated, and the cause is remanded to the court of appeals for application of *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9." *State v. Griffin,* 127 Ohio St.3d 266, 2010-Ohio-5948, ¶2.

{¶9} This matter is now before this court for determination in light of the Supreme Court of Ohio's remand.

{¶10} In *Ketterer* at ¶17, the Supreme Court of Ohio specifically found, in aggravated murder cases, R.C. 2929.03(F) determines the nature of "a final appealable order":

{¶11} "We distinguish the present case from *Baker* and agree with the state that in aggravated-murder cases subject to R.C. 2929.03(F), the final, appealable order consists of the combination of the judgment entry and the sentencing opinion. Because R.C. 2929.03(F) requires the court to file a sentencing opinion, *Baker* does not control this case, because *Baker* addressed only noncapital criminal cases, in which a judgment of conviction alone constitutes a final, appealable order. R.C. 2929.03(F) requires that a separate sentencing opinion be filed in addition to the judgment of conviction, and the statute specifies that the court's judgment is not final until the sentencing opinion has been filed. Capital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker*'s 'one document' rule."

{¶12} In *Ketterer,* the defendant pled guilty to aggravated murder and was sentenced to death by a three-judge panel. A sentencing opinion pursuant to R.C. 2929.03(F) was filed. In the case sub judice, Ms. Griffin was tried and found guilty of aggravated murder by a single judge. Ms. Griffin had waived her right to a three-judge panel because the state had agreed not to pursue the death penalty, although the state did not dismiss the death specification. She was sentenced to life imprisonment with parole eligibility after thirty years.

{¶13} During the time of appellant's case, R.C. 2929.03(F) read as follows:

{¶14} "*** The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. The court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed."

{¶15} R.C.2929.03(D)(3), applicable during appellant's case, stated the following:

{¶16} "Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after

receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

{¶17} "(a) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

{¶18} "(b) Life imprisonment with parole eligibility after serving thirty full years of imprisonment."

{¶19} The threshold question is whether R.C. 2929.03(F) applies to a defendant who never had a mitigation hearing under R.C. 2929.04. Clearly, the record sub judice establishes the imposition of the death penalty was never to be considered. Ms. Griffin was sentenced to life imprisonment with parole eligibility after thirty years pursuant to R.C. 2929.03(D)(3)(b). There was never a finding on the question of aggravating circumstances outweighing mitigating factors in Ms. Griffin's case. By not having a mitigation hearing, it is as if the procedures set forth in R.C. 2929.03(D) are bypassed.

{¶20} R.C. 2929.03(F) references subsection (D) as the predicate to the filing of a separate opinion on weighing the mitigation factors vis-à-vis the aggravating circumstances. In this case, there was no need for a separate opinion pursuant to R.C. 2929.03(F) because the procedures of R.C. 2929.03(D) were not utilized.

{¶21} We therefore conclude that the holding in *Ketterer* as it applies to the issue of a final appealable order does not apply in this case. There was no final

appealable order until the August 27, 2009 judgment entry on sentencing. The holding of our previous decision in this case applies. There was no need for a mitigation entry under R.C. 2929.03(F).

{¶22} In *State ex rel. DeWine v. Burge,* ___ Ohio St.3d ___, 2011-Ohio-235, Justice Lanzinger, in a concurring opinion at ¶24, discussed whether new appellate rights emerge from a *Baker* violation:

{¶23} "I concur in the court's opinion, but write separately to note that our decision today leaves open the question whether new appellate rights arise from a new sentencing entry issued in order to comply with Crim.R. 32(C).[FN2] We have held that a sentencing entry that violates Crim.R. 32(C) renders that entry nonappealable. *State ex rel. Culgan v. Medina Cty. Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶9. In light of the facts of the present case, we eventually will need to determine what effect an appellate decision has when the appellate court's jurisdiction was premised upon a sentencing entry that violated Crim.R. 32(C) and was thus nonappealable.

{¶24} "FN2. The state has raised this issue in its second proposition of law in *State v. Allen,* case No. 2010-1342, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, and *State v. Smith,* case No. 2010-1345, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, both of which we accepted for review and held for our decision in the case. The issue is also pending in *State v. Lester,* which we agreed to review on order of a certified conflict and on a discretionary appeal, case Nos. 2010-1007, 126 Ohio

St.3d 1581, 2010-Ohio-4542, 934 N.E.2d 354 and 2010-1372, 126 Ohio St.3d 1579, 2010-Ohio-4542, 934 N.E.2d 353."[1]

{¶25}  In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraphs three and four of the syllabus, a case involving the failure to properly sentence on postrelease control, the Supreme Court of Ohio held the scope of an appeal from a resentencing hearing is limited to issues arising during the resentencing hearing:

{¶26}  "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶27}  "The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶28}  On the issue of res judicata and postrelease control resentences, the *Fischer* court explained the following at ¶30-31:

{¶29}  "Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence.  Here, we adopt that remedy in one narrow area: in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms.  In such a case, the sentence is void.  Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review.  The sentence may be reviewed at any time, on direct appeal or by collateral attack.

---

[1]We note as of March 23, 2011, the *Allen* and *Smith* cases are still stayed, and *Lester* is currently set for oral argument on April 6, 2011.

{¶30}  "Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.  In cases involving postrelease control, we will continue to adhere to our narrow, discrete line of cases addressing the unique problems that have arisen in the application of that law and the underlying statute.  In light of the General Assembly's enactment of R.C. 2929.191, it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences.  Even if that is not the case, however, we would be ill-served by the approach advocated by the dissent, which is premised on an unpalatable and unpersuasive foundation."

{¶31} We therefore conclude there has been no guidance provided to the appellate courts on the applicability of res judicata to a non-final order pursuant to *Baker*.

{¶32} Faced with this open issue, we are forced to conclude that under *Baker,* Ms. Griffin's assignment of error in raising *State v. Parker,* 95 Ohio St.3d 524, 2002-Ohio-2833, is valid. Our original reversal and remand are unaffected by *Ketterer,* and are hereby reimposed*.* See, *State v. Griffin,* Coshocton App. No. 09CA21, 2010-Ohio-3517.

By Farmer, J.

Edwards, J. concur and

Hoffman, P.J. dissents.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_____

JUDGES

SGF/sg 309

*Hoffman, P.J., dissenting*

{¶33} I respectfully dissent for the reasons set forth in my dissent in *State v. Griffin*, Coshocton App. No. 09CA21, 2010-Ohio-3517.


_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff                :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
SANDRA GRIFFIN                                   :
                                                 :
    Defendant                :               CASE NO. 09-CA-21


       For the reasons stated in our accompanying Memorandum-Opinion, our original reversal and remand are reimposed.  Costs to the state of Ohio.


      s/ Sheila G. Farmer_____


      s/ Julie A. Edwards_____


      _____

                JUDGES