[Cite as *State v. Melton*, 2011-Ohio-5929.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96621**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE MELTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-327341

**BEFORE:** Blackmon, P.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 17, 2011

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By: Stephen P. Hardwick
Assistant Public Defender
Ohio Public Defender's Office
250 East Broad St., Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Andre Melton appeals his conviction for aggravated murder and

assigns the following errors for our review:

> **"I.  The trial court erred by failing to issue a sentencing opinion pursuant to R.C. 2929.03(F)."**
>
> **"II.   The trial court erred by accepting Mr. Melton's plea and sentencing him for aggravated murder, with capital specifications without taking any evidence, without any recorded deliberation or determination by the three-judge panel as to the appropriateness of the charge, without any finding on the record that aggravated murder had been proven beyond a reasonable doubt, and without journalizing a**

**finding of guilt. Accordingly, he has no valid conviction and his sentence is void."**

**"III. The trial court erred by accepting Mr. Melton's plea and sentencing him for aggravated murder with capital specifications in the absence of a signed jury waiver filed with the clerk."**

**"IV. The trial court erred by imposing court costs in the entry without first imposing them in open court."**

{¶ 2} Having reviewed the record and pertinent law, we affirm Melton's conviction. The apposite facts follow.

### Facts

{¶ 3} On February 21, 1996, Melton pled guilty to aggravated murder with a mass murder capital specification, and a gun specification. As part of his plea, the prosecutor agreed not to pursue the death penalty. A three-judge panel accepted his plea, and he was immediately sentenced to a term of 20 full years to life imprisonment, plus three years of actual time for the firearm specification.

{¶ 4} On October 3, 1996, Melton filed a motion to withdraw his guilty plea, which the trial court denied. Melton filed a notice of appeal, which we denied for failure to file a record. Several years later, Melton filed a motion for a delayed appeal, which we denied.

{¶ 5} On October 4, 2006, Melton filed another motion to withdraw his guilty plea. The trial court denied the motion; Melton appealed to this court. The appeal was dismissed for failure to file the record. Thereafter, Melton attempted to file several delayed appeals, which this court denied.

**{¶ 6}** On April 10, 2007, Melton filed a "Memorandum Regarding Sentencing," in which he argued that he was not found guilty of a capital specification, so a "sentence of life with twenty full years is not available."[1] This motion was in response to the Department of Rehabilitation and Correction's request that the trial court correct the sentencing entry to reflect a sentence of "twenty full years to life" versus "twenty years to life." The trial court had orally sentenced Melton at the sentencing hearing to "twenty full years to life," which at the time of sentencing, was the minimum sentence available under R.C. 2929.03. Melton also asserted that the trial court was without authority to change the sentence because he did not waive his right to a jury trial and because such change would render his guilty plea involuntary.

**{¶ 7}** Several months later, Melton filed a motion requesting the trial court to enter a final, appealable order, contending his conviction was not a final, appealable order because the order did not set forth that he was guilty pursuant to the requirements of Crim.R. 32(C).

**{¶ 8}** On April 14, 2009, the trial court entered a nunc pro tunc entry in which it corrected the sentence to "20 full years to life," instead of "20 years to life" to reflect what had been ordered at the time of the hearing. The court also stated that it considered Melton's remaining claims as a petition for postconviction relief that was untimely filed and barred by res judicata.

---

[1]A sentence of "20 full years to life" versus "20 years to life," prevents the court from reducing the prison time by issuing credit for good-time.

{¶ 9} Melton filed an appeal from the trial court's nunc pro tunc entry raising many of the same arguments he is raising in the instant appeal; we concluded res judicata prevented his arguments. *State v. Melton*, Cuyahoga App. No. 93299, 2010-Ohio-4476. Additionally, however, he argued that, because his original conviction was entered by a three-judge panel, the court could not issue a nunc pro tunc entry by one judge. We concluded this argument had merit and remanded the matter for the trial court to issue a nunc pro tunc order signed by a three-judge panel. Id.

{¶ 10} On March 4, 2011, the trial court issued an identical nunc pro tunc order signed by three judges. It is from that order that Melton files his instant appeal.

### Failure to issue a Sentencing Opinion

{¶ 11} In his first assigned error, Melton argues the trial court erred by failing to issue a sentencing opinion in addition to his judgment of conviction as required pursuant to R.C. 2929.03(F). He argues that because the court failed to issue a sentencing opinion with his judgment of conviction, the judgment was never a final, appealable order.

{¶ 12} Melton relies on the Ohio Supreme Court's decision in *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, to support his argument. In *Ketterer*, the Supreme Court held that in death penalty cases, the final, appealable order consists of both the sentencing opinion filed pursuant to R.C. 2929.03(F) and the judgment of conviction filed pursuant to Crim.R. 32(C).

{¶ 13} The instant case is distinguishable from *Ketterer*. In *Ketterer*, the defendant entered a plea of guilty to aggravated murder and was sentenced to death;

therefore, a mitigation hearing was required. Here, the record indicates that as part of Melton's plea, the prosecutor agreed to not pursue the death penalty; therefore, a mitigation hearing was never conducted. R.C. 2929.03(F) references subsection (D), which requires a mitigation hearing when there is the possibility of the death penalty being imposed. Thus, when a mitigation hearing is not conducted, R.C. 2929.03(F) does not apply. "By not having a mitigation hearing, it is as if the procedures set forth in R.C. 2929.03(D) are bypassed." *State v. Griffin*, 5th Dist. No. 09-CA-21, 2011-Ohio-1638.[2] Therefore, there is no need for a separate sentencing journal entry when the procedures of R.C. 2929.03(D) are not utilized. Id. In such cases, the defendant's judgment of conviction and sentence constitutes a final, appealable order; therefore, because *Ketterer* does not apply, Melton's 1996 judgment of conviction constituted a final, appealable order. Accordingly, Melton's first assigned error is overruled.

## Trial Court's Failure to Enter a Finding of Guilt

{¶ 14} In his second assigned error, Melton argues that his judgment of conviction never became a final, appealable order because the judgment failed to set forth that the trial court found him guilty, before accepting his guilty plea, as required by R.C. 2945.06.

{¶ 15} R.C. 2945.06 provides in pertinent part that, "[i]f the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses,

---

[2] *Griffin* is currently pending before the Ohio Supreme Court. *State v. Griffin*, 129 Ohio St.3d 1474, 2011-Ohio-4751, 953 N.E.2d 841. One of the certified issues concerns the application of *Ketterer* to defendants not sentenced to death.

determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." Melton contends that because the court did not enter a guilty finding prior to accepting his plea, pursuant to Crim.R. 32(C), his conviction is not a final, appealable order. Melton raised this same issue in his prior appeal; however, since his prior appeal, the Supreme Court released its decision in *State v. Lester*, Slip Opinion No. 2011-Ohio-5204. Melton argues *Lester* supports his argument that his original conviction was never a final, appealable order and that the court's recent nunc pro tunc does not correct the entry to make it final.

{¶ 16} We conclude that the court's recent decision in *Lester* does not bolster Melton's argument. In *Lester*, the Ohio Supreme Court modified its holding in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. In *Baker*, the Court held that a judgment of conviction pursuant to Crim.R. 32(C) is not a final order unless it sets forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus.

{¶ 17} In *Lester*, the trial court listed the offenses for which Lester was convicted, but failed to indicate whether the conviction was the result of a guilty or no-contest plea, or trial. The trial court later issued a nunc pro tunc order including the fact the judgment was entered pursuant to a jury trial. Lester contended that his time for appeal ran from the nunc pro tunc entry because it was the only order that was final. In *Lester,* the Ohio Supreme Court disagreed, explaining that "the purpose of Crim.R. 32(C) is to ensure that

a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." Id. at ¶10. The Court concluded that the fact that the original conviction did not include the means or manner of conviction did not constitute a substantive provision that prevented the defendant from being on notice that a final judgment had been rendered. According to the Court, the judgment of conviction needed to include the "fact of conviction," but the means or manner of the conviction was a "nonsubstantive matter of form" that did not affect the finality of the conviction.

{¶ 18} In the instant case, the trial court's failure to include the finding of guilt required by R.C. 2945.06 is a "nonsubstantive matter of form." Melton's original judgment entry of conviction meets the Crim.R. 32(C) requirements because it contained the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. The fact the entry shows that Melton agreed to the plea and the court accepted the plea was sufficient to provide Melton with notice of his conviction and that the time for appeal had commenced. In fact, for the past 15 years Melton has been attempting to appeal his conviction. Therefore, he was well aware his conviction was final.

{¶ 19} Melton's additional argument that the trial court failed to conduct a hearing to determine his guilt, prior to accepting his plea, is barred by res judicata. He raised this same argument in his previous appeal. Relying on the Ohio Supreme Court's opinion in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, we concluded the alleged error was barred by res judicata as it was an error that could have been raised on

direct appeal. In the instant appeal, we have concluded that pursuant to *Lester*, Melton's original conviction constituted a final, appealable order; therefore, our prior resolution of this argument applies. Accordingly, Melton's second assigned error is overruled.

## Res Judicata

{¶ 20} We will address Melton's third and fourth assigned errors together because they are *both* barred by res judicata.

{¶ 21} The doctrine of res judicata bars further litigation in a criminal case of issues that were raised previously or could have been raised previously in a direct appeal. *State v. Reddy*, Cuyahoga App. No. 95814, 2011-Ohio-2927, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Melton's third assigned error is identical to an error he raised in his prior appeal in which we concluded res judicata applied. There is no basis to conclude otherwise in the instant appeal.

{¶ 22} In his fourth assigned error, Melton contends the trial court erred in imposing court costs in its journal entry because it failed to do so at his sentencing hearing. This was an issue that could have been raised on direct appeal; therefore, res judicata prevents our review of this error. Accordingly, Melton's third and fourth assigned errors are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


PATRICIA ANN BLACKMON, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
COLLEEN CONWAY COONEY, J., DISSENTS
(SEE ATTACHED DISSENTING OPINION)


COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 23} I respectfully dissent because I would dismiss the instant appeal pursuant to *State v. Lester*, Slip Opinion No. 2011-Ohio-5204, syllabus paragraph two, which states:

> "2. A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken."

{¶ 24} This court reviewed Melton's arguments in 2010 and remanded solely for the trial court to issue its nunc pro tunc order signed by three judges. As the majority correctly notes, that is the order now on appeal.

{¶ 25} I would dismiss this attempt to file another appeal and find no reasonable grounds existed to file the appeal.