Lanzinger, J.,
dissenting.
{¶ 54} I respectfully dissent. The majority opinion correctly states that the pivotal question before the court is whether the trial court issued a final, appealable order in Griffin’s case. Majority opinion, ¶ 22. But instead of deciding whether State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, applies, as the Fifth District Court of Appeals held, or whether State v. Ketterer, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, applies, as the state argues, the majority refuses to apply either because the cases had not been decided by 1990. I would hold that there was no final, appealable order upon which an appeal could be taken pursuant to Ketterer because a sentencing opinion has never been filed as required by R.C. 2929.03. I would vacate the judgment entry of conviction for aggravated murder[3] and remand this case to the trial court.
{¶ 55} Sandra Griffin has served 24 years of a life sentence that permits parole eligibility after 30 years. She was convicted of aiding and abetting two others in the aggravated murder of James Steurer Sr. and was also convicted of the capital specification under R.C. 2929.04(A)(7) and a firearm specification under R.C. 2941.141. The state had agreed not to seek the death penalty against Griffin but never dismissed the felony-murder specification within her indictment. Therefore, she has always been charged with the capital offense of aggravated murder. Yet the capital-ease statutes were not followed, and the appellate court erred in exercising jurisdiction.
I. “Capital Case” Defined
{¶ 56} Since April 3, 1984, R.C. 2901.02(B) has plainly defined a capital case in terms of the charged offense:
*124 Aggravated murder when the indictment or the count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of [the] Revised Code, and any other offense for which death may be imposed as a penalty, is a capital offense.
Am.H.B. No. 380, 140 Ohio Laws, Part II, 3639. In addressing an earlier version of this statute,[4] this court stated, “Pursuant to R.C. 2901.02(B), aggravated murder is a capital offense regardless of whether death may be imposed as a result of the conviction thereof.” State v. Henry, 4 Ohio St.3d 44, 446 N.E.2d 436 (1983), paragraph one of the syllabus. We have continued to hold that it does not matter if the death penalty will not be imposed. State v. Harwell, 102 Ohio St.3d 128, 2004-Ohio-2149, 807 N.E.2d 330 (juvenile charged with aggravated murder and a capital specification, although ineligible for a death sentence due to age, is still entitled to protections of capital procedure); State v. Clinkscale, 122 Ohio St.3d 351, 2009-Ohio-2746, 911 N.E.2d 862, ¶ 11 (the case remains a capital case even though the defendant could not receive a death sentence in a second trial). An indictment must be amended to remove the death-penalty specification, so that the defendant is no longer “charged” with an offense punishable by death, for a case to become noncapital. State ex rel. Henry v. McMonagle, 87 Ohio St.3d 543, 544-545, 721 N.E.2d 1051 (2000).
{¶ 57} Griffin’s indictment charged her with a capital offense — aggravated murder in violation of R.C. 2903.01(A) and the felony-murder specification under R.C. 2929.04(A)(7). When she waived a jury trial, the state did not amend the indictment to dismiss the specification. Therefore, Griffin’s case remained a capital case.
{¶ 58} We have already squarely addressed this issue:
A defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty.
State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, syllabus.[5] Parker waived his right to a trial by jury, waived his right to a three-judge panel, *125 and pled guilty to aggravated murder with a death specification. He was sentenced by a single judge to life imprisonment with parole eligibility after 20 years. The court of appeals vacated the guilty plea and conviction and remanded the case for further proceedings. We affirmed, holding that regardless of the state’s agreement not to seek the death penalty, Parker “was still charged with an offense that was punishable with death.” (Emphasis sic.) Id. at ¶ 11.[6]
II. Capital Procedures
{¶ 59} When a defendant is convicted of both an aggravated-murder charge and a specification, the potential penalties include death as well as a term of life imprisonment. R.C. 2929.03(C)(2)(a). The penalty is to be determined by “the panel of three judges that tried the offender upon the offender’s waiver of the right to trial by jury” in accordance with R.C. 2929.03(D) and (E). R.C. 2929.03(C)(2)(b)(i). Furthermore, after the mitigation hearing, required by R.C. 2929.03(D), the panel must fully consider the choices, choosing death only if they are unanimous, otherwise selecting one of the possible life terms.[7] R.C. 2929.03(D)(3).
{¶ 60} In a capital case, a final, appealable order does not exist until the sentencing opinion is filed. State v. Ketterer, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9. R.C. 2929.03(F) sets forth requirements for the sentencing opinion in all capital cases, whether death or a life sentence is imposed. At the time of Griffin’s trial, the statute stated:
The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was *126 found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. * * * The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is,filed.
(Emphasis added.) Am.Sub.S.B. No. 1, 139 Ohio Laws, Part 1,1,13-14.
{¶ 61} These statutes show that the General Assembly intended to create a specific procedure that would be followed in capital cases. And we have consistently required strict compliance with Ohio statutes when we have reviewed the procedures in capital cases. State v. Filiaggi, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).
III. Compliance with Capital Statutes Is Required Even If Death May Not Be Imposed
{¶ 62} The majority opinion contradicts our precedent by declaring that “the possibility of the death penalty controls whether capital sentencing procedural protections are required, not whether the case is labeled a capital case.” Majority opinion, ¶ 38. The majority states on this point:
Ohio’s statutory framework and case law at the time of Griffin’s conviction and sentence did not require death-penalty procedural protections, because Griffin could not be sentenced to death. The trial court afforded Griffin all of the proper procedural protections guaranteed by law in 1990, and its sentencing entry was the final judgment in the case.
Majority opinion at ¶ 22.
{¶ 63} But the three appellate court decisions relied on by the majority hardly closed the matter of whether capital procedures were required in capital cases for which life sentences were to be imposed. See State v. Hubert, 10th Dist. Franklin No. 82AP-942, 1984 WL 5871 (Aug. 16, 1984); State ex rel. Fyffe v. Evans, 5th Dist. Coshocton No. 90-CA-4, 1990 WL 52518 (Apr. 11, 1990); State v. Cohen, 11th Dist. Lake No. 12-011, 1988 WL 41545, *12 (Apr. 29, 1988). These cases were decided before this court had weighed in. When we did address these issues, we required trial courts to strictly follow capital procedures regardless of *127 whether death could be imposed. For instance, in Parker, we held that a defendant who waives a jury trial must have the case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty. 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, syllabus. We also held that juveniles charged with aggravated murder and a capital specification are still entitled to the protections of capital procedure, although they are ineligible for death sentences due to their age. Harwell, 102 Ohio St.3d 128, 2004-Ohio-2149, 807 N.E.2d 330.
{¶ 64} The majority unjustifiably refuses to acknowledge this court’s more recent decisions and unduly limits the review of cases to those decided by 1990. The general rule in Ohio is that a court decision applies retrospectively unless a party has contract rights or vested rights under a prior decision. Peerless Elec. Co. v. Bowers, 164 Ohio St. 209, 129 N.E.2d 467 (1955); see also State v. Bey, 85 Ohio St.3d 487, 503, 709 N.E.2d 484 (1999). Therefore, as long as the statutory provisions are similar, our subsequent decisions are relevant to whether the trial court was required to follow capital procedures when Griffin was sentenced and whether she had a final, appealable order.
{¶ 65} Parker, although not announced until after Griffin’s trial, was decided under the same version of R.C. 2945.06 that had been in effect since 1981. The portion of the statute relevant to Griffin states:
If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges * * *. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. * * * The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death.
(Emphasis added.) Just as in Parker, Griffin was “charged with an offense punishable by death” because her indictment included the R.C. 2929.04(A)(7) specification. R.C. 2945.06 mandated that capital sentencing procedures in R.C. 2929.03 be applied because she was charged with a capital offense. The state’s agreement that it would not seek the death penalty did not alter this requirement.[8]
*128 {¶ 66} With respect to Griffin’s appeal, a panel of three judges did not issue the sentencing opinion required by R.C. 2929.03(F) because the death specification remained. A single judge had convicted her of aggravated murder and found her guilty of the death specification. While stating erroneously that this was not a capital case, that single judge then heard considerable mitigation evidence at sentencing. But no sentencing opinion under R.C. 2929.03(F) was ever filed. Consequently, this is a pending case, for a final, appealable order does not yet exist.
{¶ 67} It is axiomatic that courts of appeals have no jurisdiction to act without final, appealable orders. State ex rel. Bates v. Court of Appeals for the Sixth Appellate Disk., 130 Ohio St.3d 326, 2011-Ohio-5456, 958 N.E.2d 162, ¶ 12. Article IV, Section 3(B)(2) of the Ohio Constitution confers jurisdiction upon the courts of appeals to “review and affirm, modify, or reverse” lower courts’ “judgments or final orders.” Because the judgment in a capital case is not final until the sentencing opinion is filed pursuant to R.C. 2929.03(F), Griffin’s appeal was never finalized, and res judicata cannot apply.
{¶ 68} The court of appeals decided incorrectly that Baker rather than Ketterer applied, reasoning that a sentencing opinion was unnecessary because there was no mitigation hearing under R.C. 2929.03(D). 2011-Ohio-1638, 2011 WL 1233242, at ¶ 19-21. This misses the point. A mitigation hearing was required because the version of R.C. .2945.06 in effect at the time of Griffin’s sentencing required the trial court to follow the procedures in R.C. 2929.03 “in all cases in which the accused is charged with an offense punishable by death.” (Emphasis added.) As we stated in Harwell, “we looked principally to the offense charged, which was punishable by death, and not to the status of the defendant or the fact that death had been eliminated as an option.” 102 Ohio St.3d 128, 2004-Ohio-2149, 807 N.E.2d 330, ¶ 12.
{¶ 69} There is no denying that Griffin was charged with a capital offense. Contrary to the majority, I believe that this fact alone does control whether a trial court is required to follow capital trial and sentencing procedures. Because a sentencing opinion is required in a capital case, Griffin has never had a final, appealable order.
IV. Conclusion
{¶ 70} What must be acknowledged is that the court of appeals never had the power to act when no final, appealable order existed in this case because a sentencing opinion was not filed pursuant to R.C. 2929.03(F). The majority *129 attempts to whitewash the numerous procedural errors in this capital case by unduly limiting its review to case law as it existed in 1990. Because this court has held that capital procedures must be followed even when the death penalty is not an option in a capital case, I would affirm the court of appeals’ decision to the extent that it vacates the conviction for aggravated murder and the felony-murder specification and remand this case to the trial court for further proceedings.
Jason W. Given, Coshocton County Prosecuting Attorney, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.
O’Connor, C.J., and O’Neill, J., concur in the foregoing opinion.

. Griffin’s noncapital convictions for aiding and abetting unlawful possession of dangerous ordnance, aiding and abetting grand theft, aiding and abetting aggravated robbery, and a firearm specification are unaffected and therefore are irrelevant to this discussion.

. H.B. No. 511, 134 Ohio Laws, Part II, 1892.

. We accepted the appeal in Parker as in conflict with State v. Griffin, 73 Ohio App.3d 546, 597 N.E.2d 1178 (1992). Id. at ¶ 3. Not until April 1, 2011, did the court of appeals apply Parker’s holding to Griffin’s case. 2011-Ohio-1638, 2011 WL 1233242, ¶ 32.

. Although we also stated in Parker that the three-judge-panel requirement of R.C. 2945.06 was a jurisdictional matter that cannot be waived, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 12, we modified that statement in a subsequent case by holding that the failure to convene a three-judge panel does not create a lack of subject-matter jurisdiction that renders the trial court’s judgment void ab initio and subject to collateral attack in habeas corpus. Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus. Instead, we held the error to be an error in the exercise of jurisdiction, correctable by appeal. Id.

. At the time of Griffin’s crimes, former R.C. 2929.03(D)(3) provided that the possible life terms that could be imposed were life imprisonment with parole eligibility after 20 or 30 full years of imprisonment. Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 13. The current statute allows life terms with parole eligibility after 25 or 30 years or life imprisonment without parole. R.C. 2929.03(D)(3)(a).

. The trial court also should have followed the capital trial procedures. Thus Griffin’s decision to waive a jury meant that her guilt or nonguilt should have been determined by three judges unanimously, R.C. 2945.06, and that those judges should have imposed sentence if she was found *128 guilty, R.C. 2929.03(D)(3). Although it is trae that structural error does not apply to statutory violations, it could be argued that Griffin was denied her constitutional right to due process because of the numerous procedural errors in this case.